BRIAN E. KNUTSON AND SUZANNE M. KNUTSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knutson v. Commissioner
Docket No. 29089-88
United States Tax Court
T.C. Memo 1990-440; 1990 Tax Ct. Memo LEXIS 457; 60 T.C.M. (CCH) 540; T.C.M. (RIA) 90440; August 15, 1990, Filed *457 Ps hired a cleaning service which provided no direct childcare or babysitting services. Ps claimed a credit for Child and Dependent Care using the cost of the cleaning services to compute the credit. Expenses for cleaning services were not incurred to enable Ps to be gainfully employed. Held: Ps are not entitled to the Child and Dependent Care credit provided for in sec. 21, I.R.C. 1954. Brian E. Knutson, pro se. Lisa Oshiro, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined deficiencies in petitioners' 1984 and 1985 income tax in the amount of $ 349 and $ 259, respectively. The only issue for decision is whether the cost of a household cleaning service, which provides no direct childcare or babysitting services, constitutes eligible expenses for the purpose of calculating the childcare credit under section 21[1] (formerly section 44A). Petitioners Brian Knutson (Brian) and Suzanne Knutson *459 (Suzanne) were husband and wife during the taxable years at issue. Petitioners resided in Tacoma, Washington, at the time the petition in this case was filed. Most of the pertinent facts have been stipulated. The Stipulation of Facts and accompanying exhibits are incorporated by reference. Petitioners had three children living with them during the years at issue. The children were at all times relevant to this case qualifying individuals under section 21(b)(1). Prior to 1979 Brian was employed as an accountant, and Suzanne was employed as a part-time teacher. In September 1979 Suzanne began employment as a full-time teacher. At that time petitioners employed a house cleaning service. Those circumstances continued through the years at issue. The cleaning service was contracted for on a weekly basis. Every week during the two years before the Court, a team of five or six people from the cleaning service would vacuum and dust the living room, three bedrooms, and the family room in petitioners' house. They also cleaned three bathrooms and the kitchen. The cleaning service did not provide direct childcare or babysitting services to petitioners' children. Petitioners claimed *460 the credit for child and dependent care on their 1984 and 1985 Joint Individual Income Tax Returns. For the purpose of computing the credit for child and dependent care, petitioners claimed expenses of $ 3,359 in 1984 and $ 3,241 in 1985. Of the total expenses claimed in 1984 and 1985, $ 1,745 and $ 1,505 respectively were the payments made to the professional cleaning service. Section 21(a) allows certain individuals a credit against income tax of an amount equal to the applicable percentage of "employment-related expenses" paid by the taxpayer. Section 21(b)(2) defines "employment-related expenses" as expenses for household services and expenses for the care of a qualifying individual, if and only if, such expenses are incurred to enable the taxpayer to be gainfully employed for any period for which there is a qualified individual with respect to the taxpayer. [2] Petitioners bear the burden of establishing the expenses are employment related. Rule 142(a). *461 Petitioners argue the expenses they incurred for the household cleaning service are "employment-related expenses." Petitioners support their argument by asserting it would not have been possible for Suzanne to accept full-time employment without hiring a cleaning service. Respondent asserts these expenses were not "employment-related expenses." Respondent argues petitioners' expenses with regard to the house-cleaning service were not incurred to enable petitioners to be gainfully employed. Petitioners also assert the cleaning expenses are payments attributable to the care of their children. Because we find, for reasons discussed below, the expenses related to the cleaning service were not incurred to enable petitioners to be gainfully employed, we do not consider whether those services are attributable to the care of petitioners' children. An expense is not considered to be employment-related merely because it is incurred while a taxpayer is gainfully employed. The expense must enable the taxpayer to be gainfully employed. Whether an expense enables a taxpayer to be gainfully employed depends upon the facts and circumstances of the particular case. Sec. 1.44A-1(c)(1)(i), *462 Income Tax Regs. Further expenses are not considered to be paid for household services unless the expenses are attributable to the care of qualifying individuals. Sec. 1.44A-1(c)(2), Income Tax Regs.
Under the facts of this case, we are not persuaded the time requirements of a full-time teaching position or Brian's position as an accountant were so onerous as to leave petitioners no time for general housecleaning. Brian testified both petitioners were very busy with numerous household improvement projects and programs with the children. We find the cleaning service was employed to make life easier for petitioners and to allow them to spend their leisure time in pursuits they enjoyed rather than cleaning their home. While the Court understands petitioners' desires, we do not believe Congress intended other taxpayers to subsidize the expenses related to a cleaning service in this instance. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Section 21 states in part: § 21. EXPENSES FOR HOUSEHOLD AND DEPENDENT CARE SERVICES NECESSARY FOR GAINFUL EMPLOYMENT. (a) Allowance of Credit. -- (1) In general. -- In the case of an individual who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the applicable percentage of the employment-related expenses (as defined in subsection (b)(2)) paid by such individual during the taxable year. * * * (b) Definitions of Qualifying Individual and Employment-Related Expenses. -- For purposes of this section -- * * * (2) Employment-related expenses. -- (A) In general. -- The term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed for any period for which there are 1 or more qualifying individuals with respect to the taxpayer: (i) expenses for household services, and (ii) expenses for the care of a qualifying individual.↩